**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SIMEON YISRAEL,                                              Case No. 1:22-cv-196

      Plaintiff,

                                            Barrett, J.

      v.                                                  Bowman, M.J.

SST CONVEYOR COMPONENTS INC., et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, has moved to file a civil complaint *in forma paupers*, or without payment of the requisite filing fee. By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). For the reasons that follow, Plaintiff's complaint should be DISMISSED.

**I.      Screening Standard**

The undersigned takes judicial notice of the fact that Plaintiff has filed other lawsuits in this Court. *See*, *e.g*., Case No. 1:12-cv-764-MRB-MRM (petition for writ of habeas corpus), Case No. 2:13-cv-1172-GCS-MRA (prisoner civil rights); and Case No. 1:20-cv-764-MWM (non-prisoner civil rights). Plaintiff initiated the instant employment discrimination case by filing a complaint in the Columbus division on March 21, 2022,

together with a motion seeking leave to proceed *in forma pauperis*.  The case was transferred to this division on April 8, 2022.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for

failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.    Analysis of Plaintiff's Complaint

Plaintiff alleges that he was an employee of SST Conveyor, Components Inc. in Loveland Ohio, and alleges that he was wrongfully terminated based upon racial discrimination.  Plaintiff has identified two defendants:  SST Conveyor Components, Inc. and his manager, "Denise (Suan Dole)."  Plaintiff asserts that he seeks relief under 42 U.S.C. § 1983 for racial discrimination based upon his assertion that Defendants' actions are "fairly attributable to the state," even though he admits that "the defendants are not state officials."  (Doc. 1 at 1).   In addition, Plaintiff alleges that the named defendants have violated Title VII and are liable for damages under 42 U.S.C. § 1981a.

3

The complaint briefly alleges that an unnamed co-worker, whose nationality Plaintiff classifies as "Indian," was "uncomfortable and uneasy working around Plaintiff who is an African American Black Male." (*Id.* at 2). On December 17, 2021, Plaintiff alleges he was informed that a Caucasian manager identified as "Denise" wanted to see him. When Plaintiff reported to Denise, she told him he was being terminated based upon his cell phone use, which was against compony policy. (*Id.* at 3). While Plaintiff does not deny company policy or his alleged cell phone use, he alleges that he was not provided any prior warning before his termination. He concludes that the true reason for his termination was racial discrimination, and Denise's acting "in active concert" with the Indian co-worker who allegedly disliked Plaintiff, and whom the manager allegedly "highly liked." (*Id.*)

In a prior employment discrimination lawsuit filed by Plaintiff, Case No. 1:20-cv-764, this Court granted the defendant employer's motion to dismiss under Rule 12(b)(6) based upon Plaintiff's failure to state any plausible claim. In that case, as in this one, Plaintiff had filed suit against a private company and its employees under 42 U..S.C. §1983. The Court dismissed in part because the identified defendants "are not state officials," and Plaintiff included no plausible allegations that defendants' conduct was "fairly attributable to the state." (*Id.*, Doc. 4, 2/22/21 Order at 3). In the above captioned case, Plaintiff's single conclusory allegation that the Defendants' conduct is "fairly attributable to the state" is wholly unsupported by any factual content. Because the identified Defendants are not state officials, and Plaintiff has included no factual allegations that would support a plausible claim that Defendants were acting "under color of state law" under 42 U.S.C. § 1983, Plaintiff's complaint fails to state a claim under that

statute. *See, e.g., Brown ex rel. Thomas v. Fletcher,* 624 F. Supp. 2d 593,606 (E.D. Ky. 2008) (granting defendant's motion to dismiss because defendants were "not state actors, and as such, cannot be liable under 42 U.S.C. § 1983.").

In addition, Plaintiff's complaint fails to allege enough facts to support a claim for relief under Title VII or 42 U.S.C. § 1981a.  It is true that Title VII makes it unlawful for a private employer to discriminate in its employment practices on the basis of race. However, Plaintiff cannot recover against the individual manager he has identified because Title VII provides for private causes of action only against an "employer" rather than an employer's agent or employee.  (Doc. 4 in 1:20-cv-764-MWM at 4).  *See*, *e.g.*, *Wallace v. Henderson*, 138 F. Supp.2d 980, 983 (S.D. Ohio Dec. 7, 2000).  In addition, Plaintiff's allegations fail to allege any plausible cause of action because the complaint merely alleges Plaintiff's subjective belief and conclusory allegation that his termination was the result of racial discrimination, and is devoid of any factual support.

Last, the undersigned notes that most pro se lawsuits involving employment discrimination are submitted on a complaint form provided by this Court, SD03 (Rev 9/97). The referenced form explains that under 42 U.S.C. §2000e-5(f)(1), suit may be filed in federal court based on unlawful employment practices only if the plaintiff previously has filed a charge with the Ohio Civil Rights Commission and/or the Equal Employment Opportunity Commission.  In order to ensure that the pro se plaintiff is entitled to file suit, the form explicitly requires the plaintiff to state the date that "the notice of right to sue was issued by the Equal Employment Opportunity commission." The wording of the referenced form is based upon established federal law.  "Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, [he] must satisfy two

administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)) (other citations omitted).  These requirements exist "so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." *Randalph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)).  "Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies."  *Mitchell v. Chapman*, 343 F.3d 811, 821 n. 10 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Plaintiff's complaint, filed in this Court just three months after his alleged termination, fails to identify any prior filing with the OCRC or the EEOC, suggesting that he has failed to satisfy the administrative prerequisites for filing suit under Title VII.

### III. Conclusion and Recommendation

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Therefore, **IT IS RECOMMENDED** that this action be **DISMISSED**.


    *s/Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SIMEON YISRAEL,                                           Case No. 1:22-cv-196

      Plaintiff,

                                      Barrett, J.
          v.                                       Bowman, M.J.

SST CONVEYOR COMPONENTS INC., et al.,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7